UNITED STATES of America,
Appellee,

v.

Gregory GREENE, Defendant-Appellant.

16-2877-cr

United States Court of Appeals,
Second Circuit.

June 6, 2017

FOR APPELLEE: Amy Busa and Peter Baldwin, Assistant United States Attorneys, for Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT: Anthony Ricco, New York, NY.

PRESENT: Jon O. Newman, José A. Cabranes, Gerard E. Lynch, Circuit Judges.

**SUMMARY ORDER**

Defendant-appellant Gregory Greene appeals from an August 18, 2016 judgment of conviction entered by the District Court, sentencing him to concurrent terms of 66 months' and 60 months' imprisonment. Greene contends that his sentence is substantively unreasonable because the District Court failed to account for factors in his individual background and history that influenced his upbringing. The government argues that, because Greene knowingly and voluntarily signed a valid and enforceable appellate waiver as part of his written plea agreement, he has waived his right to appeal his sentence. We agree.

In paragraph four of his plea agreement, Greene agreed not to file an appeal challenging his sentence "in the event that the Court imposes a term of imprisonment of 97 months or below." A 57. The District Court sentenced Greene to concurrent terms of 66 months' and 60 months' imprisonment, a sentence well below the 97-month term set forth in Greene's plea agreement. Because "a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed-upon Guidelines range is enforceable," *United States v. Johnson*, 347 F.3d 412, 414 (2d Cir. 2003), and because none of the limited exceptions to the enforcement of waivers is applicable here, *see United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) (explaining that courts will "find waivers unenforceable only in very limited situations"), we conclude that Greene waived his right to appeal his sentence.

**CONCLUSION**

We have considered all of the arguments raised by Greene on appeal and find them to be without merit. For the foregoing

reasons, Greene's appeal is hereby **DIS-MISSED.**